FILED
JAMES J. VILT, JR. - CLERK

DEC 07 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

United States District Court

Western Kentucky

John F. (Jef) Curran III, Plaintiff

v.

Zachary Miller and

Only Motorsports, LLC, Defendants

Case:

5:23-cv-158-BJB

## Complaint

The Plaintiff files this Claim for civil damages from the Defendants for the failure to complete repair and maintenance work on 2 vehicles resulting in diminished salvage compensation from personal, professional salvage services provided to the US government, commercial carriers and foreign governments. One, or both vehicles, are staged on the Tennessee River just outside Paducah, KY in Calvert City with the Plaintiffs barge and push boat. The other is utilized for foreign deployments with dive gear and trailering of the Plaintiffs dive boat for foreign salvage operations.

## Statement of Jurisdiction-Federal Question

This Court has jurisdiction to hear the claims set forth herein. The Judiciary Act of 1789 and Article III §2 of the United States Constitution plainly defines that the Federal District Courts has exclusive original jurisdiction in civil cases in admiralty and maritime matters. The subject matter of the case is sought to be adjudicated under admiralty and maritime law, which is exclusive of state jurisdiction, based on the port of operations of the Plaintiff.

## Parties-Diversification

The parties in this matter are located within Kentucky and Tennessee, there is diversification of the parties. The Plaintiff stages a vehicle, replete with dive equipment in Kentucky on the Tennessee River just outside Calvert City. Defendants Miller and Only Motorsports, LLC are located in Mt. Juliet, TN, the same location as the Plaintiffs wife. Additionally the waterway, the Kentucky Lake region of the

Tennessee River, is an inland waterway of the United States which sees significant commercial vessel traffic and is subject to the admiralty and maritime laws and the located within the District.

The amount in dispute exceeds $75,000, the threshold for civil matters to be heard in Federal District Courts. The Plaintiff has filed, served and a hearing is scheduled for a Writ of Possession in Tennessee, County of Wilson (where the vehicles are believed to be located) for the vehicles. The damages calculation can not be completed at this time as the damages are ongoing for fraud, loss of use and conversion as well as other damages as those may present themselves, but has already exceeded $75,000 at the time of filing.

This honorable Court has jurisdiction to hear this matter.

### *Factual History*

The Plaintiff offers the following as the factual basis of the events to support the claims.

1. The Plaintiff inquired with the Defendants regarding repairs and modifications to the Plaintiff's Toyota 4runner in the fall of 2021.
2. The vehicle weas delivered to the Defendants in the fall of 2021 to begin the repairs.
3. Such repairs and modifications would allow easier access to dive equipment from the rear of the truck and the mounted dry box in the rear of the vehicle.
4. The repairs included replacing the hood and front fenders and painting the exterior (and interior) of the vehicle with a corrosion resistant paint similar to pickup truck bedliners so as to prevent corrosion from water expelled from diving equipment.

5. The modifications included welding the rollover structure directly to the frame so as to allow the vehicle to be crane lifted, or airlifted, onto a work barge or under a helicopter for rough terrain access.
6. The vehicle was transported from Calvert City, KY and delivered to the Defendants in the fall of 2021.
7. The Defendants requested monies for the procurement of parts for the work and the Plaintiff agreed to the request so that the work to be done would be done so in a timely manner.
8. The Defendants completed some of the work and expressed that no one had the sheet metal experience within their facilities to complete the work and allow the application of the corrosion resistant coating.
9. The Plaintiff had to purchase an additional vehicle to support his personal salvage work. A vehicle was purchased in the spring of 2022, a 2005 Lexus GX470, a similar sport utility vehicle.
10. The Plaintiff sought modifications to be performed by the Defendants to allow the Lexus to be utilized for a similar purpose while the Toyota was being worked upon.
11. The Defendants made a request for monies to acquire materials, parts and supplies and again the Plaintiff agreed to the request.
12. The Defendants received $4900 in requested funds, but do not account for $1400 of that amount in their invoicing.
13. The Defendants, as of this filing, have not completed the work more than 2 years later on the Toyota nor after more than 11 months on the Lexus.
14. Both vehicles were delivered to the Defendants in running condition.
15. The Defendants sent a letter seeking to place a lien on the Lexus in August 2023, absent completion of the work.

16. The Plaintiff has had to lease vehicles during this period to complete salvage work, both here in the United States, in Ukraine and in the middle east.

17. No contract for the work was entered into nor executed.

18. The Plaintiff would have utilized the subject vehicles for his personal, profession services in these environments had the Defendants completed the work.

19. The Plaintiff filed a Writ of Possession within the Tennessee where the work was alleged to be performed.

### Claim-Fraud

The Defendants had no intent of completing the work, let alone had the expertise to do so. The Defendants did not possess the skillset to perform the work, represented knowingly and falsely to the Plaintiff that they did have such skills and the Plaintiff relied upon those statements to present the vehicles to the Defendants for repairs and modifications.

Under Kentucky law: "Kentucky law also recognizes the tort of fraudulent misrepresentation. In Kentucky, fraud by misrepresentation comprises six elements: (1) the defendant must have made a material misrepresentation; (2) that was false; (3) that the defendant knew was false, or made with reckless disregard for its truth; (4) that was intended to induce the plaintiff to act, based on the misrepresentation; (5) that the plaintiff reasonably relied; and (6) that caused the plaintiff injury. *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009)"

Under Tennessee law: "Section 47-2-201 - Formal requirements - Statute of frauds**(1)** Except as otherwise provided in this section, a contract for sale of goods for the price of five hundred dollars ($500) or more is not enforceable by way of action or defense unless there is some writing or record sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing or record is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing or record.**(2)** Between merchants if within a reasonable time a writing or record in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the

requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten (10) days after it is received.**(3)** A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable:**(a)** if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement; or**(b)** if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; or**(c)** with respect to goods for which payment has been made and accepted or which have been received and accepted (§ 47-2-606).

*T.C.A. § 47-2-201*

Acts 1963, ch. 81, § 1 (2-201); 1997, ch. 272, § 5

### Claim-Loss of Use

The Plaintiff has sustained a loss of use of both vehicles in accordance with both Tennessee and Kentucky statute.

Under Kentucky law: "Pursuant to K.R.S. § 304.39-115, "loss of use of a motor vehicle, regardless of the type of use, shall be recognized as an element of damage in any property damage liability claim. Such a claim for loss of use of a motor vehicle shall be limited to reasonable and necessary expenses for the time necessary to repair or replace the motor vehicle." Direct evidence of reasonable and necessary expenses (such as substitute vehicle rental costs) is required. In re Greyhound Lines Trial Grp., No. CV 05-239, 2008 WL 11343421, at *3 (E.D. Ky. Oct. 22, 2008)"

Under Tennessee law: "Loss of use damages are available to a plaintiff only when the vehicle is repairable. Prewitt v. Brown, 525 S.W.3d 616 (Tenn. Ct. App. 2017). Tennessee courts have recognized an exception to the above rule when commercial property has sustained irreparable damage and cannot be replaced within a reasonable time. Tire Shredders, Inc. v. ERM-N. Cent., Inc., 15 S.W.3d 849 (Tenn. Ct. App. 1999)."

### Summary

The Defendants simply haven't completed the work to be performed, do not possess the skills to complete the work and have sought to place a lien upon the vehicles resulting in damages from the fraudulent acts; a loss in use of the vehicles and a reduction in the personal revenue the Plaintiff would have received from his personal salvage work due to the fact that replacement vehicles had to be leased to perform said services.

WHEREFORE, Plaintiff prays for Judgment against Defendants in an amount that exceeds $75,000 for the fraud perpetrated, loss of use and reduction of personal income resulting in leasing replacement vehicles.

Respectfully submitted Respectfully submitted this 30th day of November, 2023,

_John F. (Jef) Curran_

John F. (Jef) Curran, Plaintiff

2096 Brookstone Drive

Mt. Juliet, TN 37122

(731)458-7111

jefcurran@hotmail.com